UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

THADDEUS M. LIETZ,

        Plaintiff,

v.

        Case No. 25-cv-1977-pp

CHRYSLER CAPITAL CO.,

        Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 3) AND SCREENING COMPLAINT**

---

On December 16, 2025, the plaintiff—who is incarcerated at Oshkosh Correctional Institution and is representing himself—filed a complaint seeking to terminate a car financing contract between himself and the defendant. Dkt. No. 1. The plaintiff also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3. The court will grant the motion for leave to proceed without prepaying the filing fee but will require the plaintiff to file an amended complaint.

**I.    Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 3)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff filed his complaint while incarcerated. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prison trust account. Id.

1

On January 9, 2026, the court ordered the plaintiff to pay an initial partial filing fee of $10.51. Dkt. No. 6. The court received that amount from the plaintiff on February 3, 2026. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Legal Standard

The court next must "screen" the complaint to decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). A document filed by a self-represented litigant must be "liberally construed[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted). Similarly, a complaint filed by a self-represented litigant, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id.

Even though courts liberally construe their filings, self-represented litigants still must comply with Federal Rule of Civil Procedure 8, which requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To state a claim against the defendants, the complaint must contain allegations that "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Legal conclusions and

2

allegations merely reciting the elements of the claim are not entitled to this presumption of truth. Id. at 663–64.

    B.    The Complaint

The plaintiff states that he is seeking "severence/termination from consumer obligation(s) of contract and/or debt with regards to [the defendant] due to [the defendant] violating Wisconsin Consumer Act, Wisconsin Statutes, and/or any other public policy or contractual agreement(s)." Dkt. No. 1 at 1. The plaintiff alleges that in 2022, he entered into a financing agreement with the defendant to purchase a Chrysler 200 Limited Edition car from a dealership in Gurnee, Illinois. Id. He alleges that in 2024, the defendants added Nazier Starkey to the account and that Starkey began making payments on the car. Id. The plaintiff asserts that when he became incarcerated in May 2024, Starkey "took the obligations of the financial contract through verbal recorded commitment recorded by [the defendant] and through his action(s) of making payment(s)." Id.

The plaintiff alleges that on November 3, 2024, Starkey was involved in an accident, and the car was totaled. Id. According to the plaintiff, Starkey did not have car insurance at the time of the accident as required by the terms of car loan. Id. The plaintiff states that Starkey stopped making payments on the loan after the accident, so the defendant sought to collect the debt from the plaintiff despite the plaintiff being incarcerated. Id. at 1–2.

The plaintiff asserts that his obligation to pay the car loan should be terminated because the defendant violated the "Wisconsin Consumer Act, numerous Wisconsin Statutes, and Federal Consumer Act along with other possible federal policies" by allowing Starkey to assume responsibility for the loan without confirming that Starkey had proper insurance and failing to

3

pursue litigation against Starkey for violating the terms of the loan agreement.
Id. at 2. The plaintiff alleges that

> [the defendant] was attempting to double back from Starkey after the incident when their action of double dipping backfired, which is in violation of Wisconsin Consumer Act, numerous Wisconsin Statutes, and/or Federal Consumer Act or other Federal policies because a company/corporation/business may not enter into a consumer contract with one individual, then make the same consumer contract obligations for the same product with another individual, and then when such obligations backfire with the second individual; go after obligations of the first consumer when the company allowed another consumer to take obligations as well as actions and such consumer totalled the product.

Id. The plaintiff alleges that the loan agreement is an unenforceable obligation under Wis. Stat. §425.306(1). Id.

    C.    Analysis

The plaintiff seems to allege that Starkey assumed responsibility for the car loan, but that Starkey defaulted on the loan, resulting in the defendant seeking payment from the plaintiff as the original debtor. The plaintiff argues that the defendant has no right to seek payment from him after allowing Starkey to take over the loan and that the defendant must seek payment from Starkey.

It isn't clear under which law the plaintiff is bringing this claim. He cites Wis. Stat. §425.306(1), which states that "[a]ny charge, practice, term, clause, provision, security interest or other action or conduct in violation of [the Wisconsin Consumer Act] shall confer no rights or obligations enforceable by action." The plaintiff does not state which provision of the Wisconsin Consumer Act he believes the defendant violated.

In general, the plaintiff's delegation of the loan payment obligation to Starkey does not automatically mean that the plaintiff is not liable for the loan. CH2M Hill Cent., Inc. v. Madison-Madison Intern., Inc., 895 F.2d 286, 290 (7th

4

Cir. 1989) (quoting Brooks v. Hayes, 133 Wis. 2d 228, 236 (Wis. 1986)). The creditor—in this case, the defendant—must agree to a "novation" to extinguish the plaintiff's obligation to pay. Under Wisconsin law, a novation occurs when "there is an agreement between the obligor, obligee and a third party by which the third party agrees to be substituted for the obligor and the obligee assents thereto." Brooks, 133 Wis. 2d at 245. As a result of a novation, "the obligor is released from liability and the third person takes the place of the obligor." Id. In this case, the plaintiff is the "obligor" who originally was bound to make payments on the loan, Starkey is the "third person" who took on the responsibility of paying the loan and the defendant is the "obligee" entitled to payment of the loan.

To establish novation, the plaintiff must show that all the parties consented to the substitution. CH2M, 895 F.2d at 290–91 (quoting Navine v. Peltier, 48 Wis. 2d 588, 592–93 (Wis. 1970)). To be clear, the plaintiff must show that all parties agreed to allow Starkey to make payments on the loan *and* to release the plaintiff from his duty to pay the loan. If the defendant agreed to allow Starkey to make payments on the loan but did not agree to release the plaintiff from his obligation to pay, there is no novation. Brooks, 133 Wis. 2d at 244 ("More than the obligee's consent to a delegation of performance is needed to release the obligor from liability for breach of contract. For the obligor to be released from liability, the obligee must agree to the release.").

The plaintiff alleges that Starkey made a "verbal recorded commitment" to the defendant to take on the loan and made payments on the loan throughout 2024, which the defendant accepted. Dkt. No. 1 at 1. That is sufficient to show that the plaintiff delegated the payment responsibility to

5

Starkey. But the complaint does not allege that the defendant agreed to release the plaintiff from his obligation to pay. The plaintiff has not sufficiently pled the elements of a novation, so there is no basis for the court to find that the defendant is attempting to enforce an invalid contract. The complaint does not state a claim for relief.

### III. Miscellaneous

The court will allow the plaintiff, if he chooses, to file an amended complaint by the deadline the court will set below. If the plaintiff decides to file an amended complaint, there are things he should keep in mind.

First, an amended complaint takes the place of, or "supersedes," the original complaint. Flannery v. Recording Indus. Ass'n of Am., 354 F.3d 632, 638 n.1 (7th Cir. 2004). That means that the plaintiff must include in the amended complaint all the facts supporting his claims; he cannot simply tell the court to go back and look at what he alleged in his original complaint. With this order, the court is sending a blank amended complaint form. The plaintiff must use that form when preparing his amended complaint. He must put the case number for this case—Case No. 25-cv-1977—in the space provided for a case number. The plaintiff should use the spaces on pages 3 and 4 to recite the facts of his claims; if that is not enough space, he may use up to three additional, double-spaced pages. Again, the amended complaint must be complete in itself. It may not refer the court back to allegations in the original complaint.

If the plaintiff elects to file an amended complaint, he must file it in time for the court to *receive* it by the deadline the court sets below. If the court does not receive an amended complaint by that deadline, the court will dismiss this

6

case with prejudice and without further notice or hearing for the plaintiff's failure to state a claim in his original complaint.

**IV. Conclusion**

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

The court **DETERMINES** that the complaint does not state a claim.

The court **ORDERS** that if the plaintiff wishes to proceed with this case, he must file an amended complaint in time for the court to *receive* it by the end of the day on **April 10, 2026**. If the court does not receive an amended complaint, or a motion asking for additional time to file one, by the end of the day on April 10, 2026, the court will dismiss this case with prejudice for the plaintiff's failure to state a claim upon which relief can be granted in the original complaint and will issue the plaintiff a "strike" as required by 28 U.S.C. §1915(g).

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$339.49** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Oshkosh Correctional Institution, where the plaintiff is incarcerated.

7

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

Dated in Milwaukee, Wisconsin this 3rd day of March, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

---

[1] The Prisoner E-Filing Program is mandatory for all persons incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.