THADDEUS M. LIETZ,

          Plaintiff,

                            Case No. 25-cv-1977-pp

     v.

CHRYSLER CAPITAL CO.,

          Defendant.

---

## ORDER SCREENING AMENDED COMPLAINT (DKT. NO. 8) AND DISMISSING CASE

---

On December 16, 2025, the plaintiff—who was incarcerated at the time he filed this case[1] and is representing himself—filed a complaint seeking to terminate a car financing contract between himself and the defendant. Dkt. No. 1. The court screened the complaint and determined that it failed to state a claim for relief. Dkt. No. 7. The court gave the plaintiff permission to file an amended complaint to try to state a claim. Id. at 6–7. The plaintiff filed that amended complaint on March 11, 2026. Dkt. No. 8. This order screens the amended complaint, determines that it, too, fails to state a claim for relief and dismisses the case.

### I.    Amended Complaint (Dkt. No. 8)

The plaintiff asserts that he wants to terminate his contract for a car loan with the defendant "due to [the defendant] violating Wisconsin Consumer

---

[1] The plaintiff was released from Oshkosh Correctional Institution on April 7, 2026. Dkt. No. 9.

1

Act, Wisconsin Statutes, and/or any other public policy or contractual agreement(s), and/or not limited to Wisconsin Statutes Chapter 421 through 427, and/or Wisconsin Statutes §425.306, and/or any Federal consumer policies." Dkt. No. 8 at 1. He alleges that in 2022, he entered into a financing agreement with the defendant to purchase a Chrysler 200 Limited Edition car from a dealership in Gurnee, Illinois. Id. He alleges that in 2024, the defendant "allowed Nazier Starkey to be added to the account," after which Starkey began making payments on the car loan. Id. The plaintiff alleges that this was because the plaintiff "wanted to cancel his agreement" with the defendant. Id. The plaintiff asserts that when "became incarcerated" on May 6, 2024 and "pursuant to Wisconsin Statutes §423.202 [he] expressed verbally over phone . . . the wish to cancel agreement between [himself] and [the defendant]; and they should come repossess their vehicle." Id. He alleges that instead of repossessing the vehicle, the defendant "made an agreement with Nazier Starkey" to have Starkey continue making payments on the vehicle. Id.

The plaintiff alleges that on November 3, 2024, Starkey was involved in a car accident, and the car was totaled. Id. at 1–2. The plaintiff states that after the accident, Starkey stopped making payments on the loan, so the defendant sought to collect the debt from the plaintiff, who remained incarcerated at the time of the accident and believed that he had "terminated/cancelled his agreement" with the defendant on May 6, 2024. Id. at 2.

The plaintiff seeks "severance/termination from consumer obligation(s) pursuant to Wisconsin Statutes §425.306," alleging that the defendant violated

2

Wis. Stat. §423.205 and failed to repossess the vehicle within twenty days as he alleges is required by Wis. Stat. §423.205(4). Id. He asserts that he no longer has any obligation to the defendant "due to cancellation" and that the defendant's continued attempts to collect payment from him violate the Wisconsin Consumer Act. Id.

## II.    Analysis

As he did in the original complaint, the plaintiff alleges in the amended complaint that Starkey assumed responsibility for the car loan, but that Starkey defaulted on the loan, resulting in the defendant seeking payment from the plaintiff—the original debtor—despite the plaintiff "cancelling" his agreement with the defendant. In its prior screening order, the court stated that it was difficult to determine what legal claim the plaintiff was making; it considered whether the plaintiff was alleging that a novation took place that extinguished his obligation to pay the car loan. See Dkt. No. 7 at 4–6. In the amended complaint, the plaintiff asserts that "[t]his is not a case of novation" but rather that he "cancelled" his agreement with the defendant "under Wisconsin Statutes §423.205." Dkt. No. 8 at 1–2.

Chapter 423 of the Wisconsin Statutes discusses a consumer's right to cancel consumer approval transactions. The statute defines "consumer approval transaction" as

> a consumer transaction other than a sale or lease or listing for sale of real property or a sale of goods at auction that:
>
> > (a) Is initiated by face-to-face solicitation away from a regular place of business of the merchant or by mail or telephone solicitation directed to the particular customer; and

3

(b) Is consummated or in which the customer's offer to contract or other writing evidencing the transaction is received by the merchant away from a regular place of business of the merchant and involves the extension of credit or is a cash transaction in which the amount the customer pays exceeds $25.

Wis. Stat. §423.201(1). The Wisconsin Court of Appeals has strictly construed this definition, stating that "it is essential that the solicitation or consummation of a sale must occur away from 'a regular place of business,'" otherwise "the buyer is afforded no protection." Reusch v. Roob, 234 Wis. 2d 270, 280 (Wis. Ct. App. 2000). Similarly, if the customer initiates the transaction, it is not a consumer approval transaction under the statute. Wind Point Restoration, Inc. v. Weikel, 394 Wis. 2d 838 (Table), 2020 WL 6051095, at *2 (Wis. Ct. App. 2020).

The plaintiff's claim that he "cancelled" the financing agreement under Wis. Stat. §423.201 is not valid because the financing agreement is not a "consumer approval transaction." A consumer approval transaction must be initiated "away from a regular place of business of the merchant." The plaintiff alleges that he entered into the financing agreement at a Chrysler dealership in Gurnee, Illinois. That is a regular place of business for the defendant. Further, the plaintiff initiated the transaction by going to the dealership to purchase a vehicle. Nothing in the amended complaint suggests that the defendant solicited the plaintiff to enter into the financing contract.

Even if the financing agreement qualified as a "consumer approval transaction," the time limits in Wis. Stat. §423.202 preclude the plaintiff's claim. The statute states that "a customer has the right to cancel a consumer

4

approval transaction until midnight of the 3rd business day after the merchant has given the notice" required by the statute. Wis. Stat. §423.202(1). The merchant must provide the consumer with the notice of the right to cancel at the time of the transaction. Wis. Stat. §423.203(3). The plaintiff alleges that he purchased the vehicle in 2022, but he did not attempt to cancel the agreement until May 6, 2024—at least a year and a half later. That is far more than three business days after the transaction (and, presumably, the date the defendant provided the notice). The plaintiff would have had no right in May 2024 to cancel a consumer approval transaction initiated in 2022. The amended complaint does not state grounds for the court to "cancel" or terminate the plaintiff's financing agreement with the defendant.

Because the court already has given the plaintiff one opportunity to amend his complaint and he still has not stated a claim for relief, the court will dismiss the case. Because the plaintiff was incarcerated at the time he filed the case, he has incurred a "strike" under 28 U.S.C. §1915(g) for filing a lawsuit that fails to state a claim upon which relief may be granted. See Robbins v. Switzer, 104 F.3d 895 (7th Cir. 1997) (applicability of 28 U.S.C. §1915 is determined based on whether the plaintiff was incarcerated at the time the action was filed). If an incarcerated person files more than three complaints that a federal court subsequently dismisses as frivolous or malicious, or for failure to state a claim upon which relief can be granted, the law says that person cannot file any more complaints without first prepaying the full filing fee (unless he is in imminent danger of serious physical injury). 28 U.S.C.

§1915(g). Once the court has assessed three "strikes" against a plaintiff, the court will require him to *prepay* the full filing fee for any future complaint he files.

## III.    Conclusion

The court **ORDERS** that this case is **DISMISSED** for failure to state a claim upon which relief may be granted. The clerk will enter judgment accordingly.

The court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

Dated in Milwaukee, Wisconsin this 21st day of April, 2026.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**

6